## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>P.C. RICHARD & SON, LLC,<br><br>    Defendant. | Civil Action No. 2:22-cv-00399-MPK<br><br>Re: ECF No. 44 |

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS AND FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

Now pending before the Court is Plaintiff's Unopposed Motion For Certification Of The Settlement Class And Final Approval Of The Class Action Settlement.

On March 16, 2023, the Court preliminarily approved the proposed class action settlement set forth in the Agreement,[1] directed that notice of the Agreement be given to the Settlement Class, and preliminarily certified the following Settlement Class:

> [A] national class of individuals who are Blind and/or who have a Visual Disability and who use Appropriate Auxiliary Aids and Services to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from attempting to access, [https://www.pcrichard.com/] from the United States.

(Doc. 46, ¶ 3.) The Court granted preliminary approval to the proposed class action settlement set forth in the Agreement. (*Id.*)

The Court held a final fairness hearing on June 27, 2023 to consider: whether the terms of the Agreement are fair, reasonable, and adequate, such that the Agreement should be finally

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the settlement agreement, which is attached hereto as Order Exhibit A.

approved pursuant to Fed. R. Civ. P. 23(e)(2); whether reasonable notice of the Agreement was given to the Settlement Class pursuant to Fed. R. Civ. P. 23(e)(1)(B) and (c)(2)(A); and whether the Settlement Class should be certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2).

Having carefully considered Plaintiff's motion and all accompanying documents, including the Agreement, as well as the relevant legal authority, the Court hereby grants final approval of the Agreement and certification of the Settlement Class as more specifically set forth below.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court has personal jurisdiction over the Parties, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, to enter this Final Approval Order.

2. The Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of their respective positions. The Agreement was reached after the Parties engaged in extensive settlement discussions. Counsel for the Parties were thus well-positioned to evaluate the benefits of the Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the terms of the Agreement are fair, reasonable, and adequate in all respects. As a result, the Court grants full and final approval of the Agreement pursuant to Fed. R. Civ. P. 23(e).

4. The Court finds that notice of the Agreement, as provided: (i) was directed in a reasonable manner to the Settlement Class Members; (ii) was reasonably calculated to apprise the Settlement Class Members of, *inter alia*, the pendency of the Lawsuit, the nature and terms of the proposed settlement, their right to object to the proposed settlement, and their right to appear at the final fairness hearing; (iii) constituted due, appropriate, and adequate notice to all persons

entitled to be given notice; and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law or rule.

5.      The Parties are hereby directed to implement the Agreement according to its terms.

6.      The Settlement Class is hereby certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for purposes of settlement. The Settlement Class is defined as:

> [A] national class of individuals who are Blind and/or who have a Visual Disability and who use Appropriate Auxiliary Aids and Services to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from attempting to access, the Website from the United States.

7.      The Court finds that Plaintiff Blair Douglass will fairly and adequately protect the interests of the Settlement Class. As a result, the Court appoints and designates Mr. Douglass as representative of the Settlement Class.

8.      The Court finds Kevin Tucker, Kevin Abramowicz, Stephanie Moore, and Chandler Steiger of East End Trial Group LLC are experienced and competent class action counsel who fairly and adequately protected the interests of the putative class throughout this litigation and appoints them as Class Counsel for the Settlement Class.

9.      Upon entry of this Final Approval Order, the Injunctive Releasing Parties shall fully and finally release, acquit, and discharge Defendant from the Released Injunctive Claims as set forth in the Agreement. Pursuant to this release, Plaintiff and the Settlement Class Members shall not bring any claims concerning the Accessibility of the Digital Properties during the Agreement Term. Notwithstanding this release, Plaintiff and the Settlement Class Members may fully utilize the Dispute Resolution Procedure during the Agreement Term. Plaintiff and all Settlement Class Members are, from this day forward, hereby enjoined from asserting any Released Injunctive Claims through the Agreement Term.

10.     The Parties shall move to dismiss the Lawsuit with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure no later than forty-five (45) days following the date of Final Approval and Defendant's payment of fees pursuant to the Agreement, whichever occurs later. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), the Parties' joint motion shall request that the Court's dismissal order expressly retain the Court's jurisdiction to enforce this Agreement against all Parties.

Entered and Ordered this **27th** day of *June*, 2023.

_____
HON. MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

# Order Exhibit A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>P.C. RICHARD & SON, LLC,<br><br>        Defendant. | Civil Action No. 2:22-CV-399 |

## <u>CLASS ACTION SETTLEMENT AGREEMENT</u>

Table of Contents

1.    Introduction .................................................................................................. 1

2.    Definitions ................................................................................................... 1

3.    Conditions Precedent ..................................................................................... 6

4.    P.C. Richard Shall Make the Digital Properties Accessible ............................... 6

5.    No Overlays ................................................................................................... 7

6.    Third-Party Content ........................................................................................ 7

7.    Accessibility Coordination Team ...................................................................... 7

8.    Accessibility Consultant and Status Report ...................................................... 8

9.    Initial Accessibility Audit ................................................................................ 9

10.   Accessibility Strategy ..................................................................................... 9

11.   Accessibility Statement And Accessibility Feedback Form ................................. 9

12.   Accessibility Training ...................................................................................... 12

13.   Customer Service Training ............................................................................... 12

14.   Modified Bug Fix Priority ................................................................................ 12

15.   Accessibility Support ...................................................................................... 13

16.   Semi-Annual Automated Accessibility Audit ..................................................... 13

17.   Annual End-User Accessibility Testing .............................................................. 13

18.   Agreement Term .............................................................................................. 14

19.   Monitoring of Compliance ............................................................................... 14

20.   P.C. Richard's Reporting Schedule ................................................................... 14

21.   Scope of Agreement ....................................................................................... 16

22.   Incentive Award to Named Plaintiff .................................................................. 16

23.   Annual Report and Meet-and-Confers ............................................................ 17

24.   Dispute Resolution Procedure ....................................................................... 17

25.   Attorneys' Fees and Costs Through the Agreement Term ............................. 19

26.   Attorneys' Fees and Costs After the Agreement Term .................................. 19

27.   Preliminary Approval, Objections, and Fairness Hearing ............................. 20

28.   Notice ............................................................................................................ 21

29.   Judgment, Final Approval, and Dismissal .................................................... 24

30.   No Admission of Liability ............................................................................. 24

31.   Terms Not Confidential; Non-Disparagement ............................................... 24

32.   Release .......................................................................................................... 25

33.   Entire Agreement .......................................................................................... 25

34.   Amendment ................................................................................................... 25

35.   Severability ................................................................................................... 25

36.   Drafting of this Agreement ........................................................................... 25

37.   Execution in Counterparts ............................................................................. 25

38.   Authority ....................................................................................................... 25

39.   Continuing Jurisdiction ................................................................................. 26

40.   Deadlines ...................................................................................................... 26

41.   Communications to Named Plaintiff, Class Counsel, the Settlement Class,
      and P.C. Richard .......................................................................................... 26

<u>Settlement Agreement</u>

1. **Introduction.** This Agreement (all capitalized terms shall have the meanings set forth in Section 2) is entered into by and between P.C. Richard and Named Plaintiff, individually and on behalf of the Settlement Class.

   1.1. P.C. Richard operates and controls the Website, which is open to consumers in the United States through the internet and the Mobile Applications, which are available for download from the Apple App Store and Google Play.

   1.2. This Agreement applies to the Website, Mobile Applications, New Websites and Mobile Apps, and Subsequently Acquired Websites and Mobile Apps, but not Subsequently Abandoned Websites and Mobile Apps.

   1.3. Named Plaintiff uses Appropriate Auxiliary Aids and Services to access digital information and is a person with a disability as that term is used in the ADA. Named Plaintiff has attempted to patronize the Website and intends to do so again in the future.

   1.4. On or about March 4, 2022, Named Plaintiff filed this Lawsuit, alleging that P.C. Richard does not have, and has never had, adequate corporate policies and practices that are reasonably calculated to cause the Website to be Accessible to individuals who are Blind and/or who have a Visual Disability, in violation of the ADA.

   1.5. P.C. Richard denies Named Plaintiff's allegations but the Parties nevertheless wish to affect a complete resolution and settlement of all claims, disputes, and controversies relating to the allegations of Named Plaintiff and the Settlement Class, and to resolve their differences and disputes by settling this Lawsuit.

   1.6. This Agreement is binding on P.C. Richard's subsidiaries, successors, and assigns.

2. **Definitions.**

   2.1. **"Accessibility Consultant"** means the person or company designated by P.C. Richard to serve the purposes of Section 8 of this Agreement.

   2.2. **"Accessibility Coordination Team"** means the team designated by P.C. Richard to serve the purposes of Section 7 of this Agreement.

   2.3. **"Accessibility Feedback Form"** means a form in P.C. Richard's Accessibility Statement required by Section 11 of this Agreement.

2.4.    **"Accessibility Feedback Form Log"** means a logbook that P.C. Richard maintains to track the submissions described by Section 11 of this Agreement.

2.5.    **"Accessibility Statement"** means the statement required by Section 11 of this Agreement that must demonstrate P.C. Richard's commitment to implementing Accessible services to individuals who are Blind and/or who have a Visual Disability.

2.6.    **"Accessibility Strategy"** means the corrective action strategy required by Section 10 of this Agreement.

2.7.    **"Accessibility Support Personnel"** means the individuals providing the support required by Section 15 of this Agreement.

2.8.    **"Accessible"** or **"Accessibility"** refers to digital content that provides effective communication to all users. The parties agree that content that generally conforms to the success criteria of the WCAG 2.1 A/AA meets this definition.

2.9.    **"ADA"** means Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*., and its implementing regulations.

2.10.    **"Agreement"** means this settlement agreement.

2.11.    **"Agreement Term"** means the time from the Effective Date through the end of three (3) years from the Effective Date, including any modifications under Section 18.

2.12.    **"Annual End-User Accessibility Testing"** means the annual testing required by Section 17 of this Agreement. Such testing focuses on the end-user experience by typical individuals who are Blind and/or who have a Visual Disability. Annual End-User Accessibility Testing shall not require an assessment of compliance with WCAG 2.1.

2.13.    **"Annual Report"** means the document P.C. Richard shall submit to Class Counsel on the Effective Date's anniversary date during the Agreement Term pursuant to Section 23 of this Agreement, stating the status of this Agreement's implementation and identifying any outstanding issues on which the Parties are in disagreement.

2.14.    **"Appropriate Auxiliary Aids and Services"** means the term as defined by the ADA regulations in § 36.303 and as applied to the individuals who are Blind and/or who have a Visual Disability.

2.15. **"Blind and/or who have a Visual Disability"** means, with respect to an individual, an impairment that substantially limits the major life activity of seeing, in accordance with the definition of disability set forth in the ADA, 42 U.S.C. § 12102(1)-(2).

2.16. **"Class Counsel"** means Kevin Tucker, Kevin Abramowicz, Stephanie Moore, and Chandler Steiger of East End Trial Group LLC.

2.17. **"Costs"** means all out-of-pocket expenses reasonably incurred, and shall include (but not be limited to) amounts payable to experts.

2.18. **"Court"** means the United States District Court for the Western District of Pennsylvania.

2.19. **"Digital Properties"** means the Website, Mobile Applications, any New Websites and Mobile Apps, and any Subsequently Acquired Websites and Mobile Apps.

2.20. **"Dispute Resolution Procedure"** means the process described in Section 24 of this Agreement.

2.21. **"Effective Date"** means the date on which all conditions precedent set forth in Section 3 of this Agreement are completed.

2.22. **"Final Approval"** means the period thirty-one (31) days following approval of this Agreement given in a written order by a United States District Court Judge or Magistrate of competent jurisdiction after notice to the Settlement Class and hearing, provided no appeal is filed during this period. If an appeal is filed, then Final Approval shall mean the period thirty-one (31) days following the exhaustion of any and all appeal(s).

2.23. **"First Extended Agreement Term"** means the time from the end of the Agreement Term through the end of four (4) years from the Effective Date.

2.24. **"Initial Accessibility Audit"** means the initial audit required by Section 9 of this Agreement.

2.25. **"Injunctive Releasing Parties"** means Named Plaintiff and the Settlement Class Members, and each of their executors, successors, heirs, assigns, administrators, agents, and representatives.

2.26. **"Lawsuit"** means *Douglass v. P.C. Richard & Son, LLC*, Case No. 2:22-cv-399-MPK (W.D. Pa.).

2.27.  **"Letter of Accessibility"** means the letter issued by the Accessibility Consultant that confirms the Digital Properties are Accessible, explains the testing standards, and summarizes both the remediation efforts P.C. Richard has taken during the Agreement Term (and, if applicable, the First Extended Agreement Term and the Second Extended Agreement Term) and the policies and practices P.C. Richard has adopted to maintain the Digital Properties in an Accessible manner going forward.

2.28.  **"Mobile Applications"** means P.C. Richard's mobile applications available for download on the Apple App Store and on Google Play

2.29.  **"Modified Bug Fix Priority"** means the policies required by Section 14 of this Agreement.

2.30.  **"Named Plaintiff"** means Blair Douglass.

2.31.  **"New Websites and Mobile Apps"** means any website or mobile application that P.C. Richard develops, starts to operate, and makes publicly available to consumers in the United States after the Effective Date of this Agreement.

2.32.  **"Notice Deadline"** means the deadline for publishing notice to be set by the Court as part of the Preliminary Approval process.

2.33.  **"Overlay"** means technologies that aim to improve the accessibility of a website by applying a third-party source code (typically Javascript) to make improvements to the website's front-end code. Overlays often apply a script to a webpage which scans the webpage's code and attempts to repair accessibility barriers automatically.

2.34.  **"P.C. Richard"** means P.C. Richard & Son, LLC.

2.35.  **"P.C. Richard Parties"** means P.C. Richard and its present and former parents and subsidiaries and each of their respective present, former, or future officers, directors, employees, shareholders, administrators, executors, affiliates, successors, and assigns.

2.36.  **"P.C. Richard Personnel"** means all persons who are employed by P.C. Richard and who have managerial responsibility for the design and development of the Website, New Websites and Mobile Apps, or Subsequently Acquired Websites and Mobile Apps.

2.37.  **"P.C. Richard Settlement Contact"** means a P.C. Richard employee designated as the initial point of contact for Class Counsel with respect to issues concerning this Agreement. P.C. Richard shall notify Class Counsel in writing of the employee

designated as the P.C. Richard Settlement Contact within ten (10) days of the Effective Date. P.C. Richard shall also notify Class Counsel in writing should a new employee be designated as the P.C. Richard Settlement Contact during the Agreement Term. Such notice shall be required within ten (10) days of designation of the new P.C. Richard Settlement Contact.

2.38.  **"Parties"** refers to P.C. Richard, Named Plaintiff, and the Settlement Class.

2.39.  **"Party"** refers to P.C. Richard, Named Plaintiff, or the Settlement Class.

2.40.  **"Preliminary Approval"** means the initial approval by the Court of the terms of this Agreement, which will occur before any notice being provided in accordance with this Agreement.

2.41.  **"Released Injunctive Claims"** means any and all claims, rights, demands, charges, complaints, actions, suits, and causes of action, whether known or unknown, suspected or unsuspected, accrued or unaccrued, for injunctive, declaratory, or non-monetary relief, based on the Accessibility of the Digital Properties to individuals who are Blind and/or who have a Visual Disability, including any injunctive, declaratory, or non-monetary claims under: (i) the ADA; and (ii) any state or local statutory, administrative, regulatory, or code provisions that either (a) directly incorporate the ADA or (b) set forth standards or obligations coterminous with or equivalent to the ADA. The Released Injunctive Claims cover all conduct concerning the Accessibility of the Digital Properties through the Agreement Term.

2.42.  **"Second Extended Agreement Term"** means the time from the end of the First Extended Agreement Term through the end of five (5) years from the Effective Date.

2.43.  **"Semi-Annual Automated Accessibility Audit"** means the semi-annual audit required by Section 16 of this Agreement.

2.44.  **"Settlement Class"** or **"Settlement Class Members"** means a national class of individuals who are Blind and/or who have a Visual Disability and who use Appropriate Auxiliary Aids and Services to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from attempting to access, the Website from the United States.

2.45.  **"Settlement Website"** means the website located at https://www.PCRichardADAsettlement.com.

2.46.  **"Status Report"** means a written evaluation that (a) identifies content, features, and services on the Digital Properties that are not Accessible to individuals who are Blind and/or who have a Visual Disability and who use Appropriate Auxiliary Aids and Services , and (b) recommends steps P.C. Richard should take to ensure their remediation.

2.47.  **"Subsequently Abandoned Websites and Mobile Apps"** means any website or mobile application, including the Digital Properties, that P.C. Richard ceases to operate or make publicly available to consumers in the United States after the Effective Date of this Agreement.

2.48.  **"Subsequently Acquired Websites and Mobile Apps"** means any website or mobile application that P.C. Richard acquires from a third party, starts to operate, and makes publicly available to consumers in the United States after the Effective Date of this Agreement.

2.49.  **"Third-Party Content"** means JavaScript-based programming developed by an entity outside of P.C. Richard or its contractors and that is deployed as a commercial add-on or plug-in for features such as direct customer communication or interaction (*e.g.*, chat or information submission or posting of photographs), payment processing (*e.g.*, Klarna, Affirm, Stripe, etc.), or advertising (*e.g.*, banner or pop-up advertisement).

2.50.  **"WCAG 2.1"** means the Web Content Accessibility Guidelines 2.1 A/AA, developed by the W3C and available at https://www.w3.org/TR/WCAG21/

2.51.  **"Website"** means the digital property located at https://www.pcrichard.com/.

**3.**  **Conditions Precedent.** This Agreement shall be conditioned and effective only upon the occurrence of all of the following events.

3.1.  The Court grants Preliminary Approval of this Agreement and orders certification of the Settlement Class and notice to the Settlement Class Members.

3.2.  Notice is provided to the Settlement Class Members in accordance with Section 28 of this Agreement.

3.3.  The Court grants Final Approval of this Agreement and enters judgment in accordance with the terms herein after a fairness hearing has been conducted and all such orders and approvals have become final and non-appealable.

**4.**  **P.C. Richard Shall Make the Digital Properties Accessible.** P.C. Richard shall ensure individuals who are Blind and/or who have a Visual Disability have full and equal

enjoyment of the goods, services, facilities, privileges, advantages, and accommodations P.C. Richard provides by and through the Digital Properties as provided for in this Section.

4.1.  P.C. Richard shall ensure the U.S. portions of the Website are Accessible by the end of the Agreement Term.

4.2.  P.C. Richard shall ensure the U.S. portions of any New Websites and Mobile Apps are Accessible when made available to the public.

4.3.  P.C. Richard shall ensure the U.S. portions of any Subsequently Acquired Websites and Mobile Apps are Accessible before the end of the Agreement Term or within twenty-four (24) months of their acquisition, whichever is later.

5.  **No Overlays.** Overlay solutions such as those currently provided by companies such as AccessiBe, AudioEye, EqualWeb, UsableNet Assistive, and UserWay will not solely suffice to make the Digital Properties Accessible.

6.  **Third-Party Content.**

6.1.  P.C. Richard shall not be required to ensure Third-Party Content is Accessible unless the Third-Party Content is necessary for consumers to independently add an item to their shopping cart, complete a purchase, receive information about a discount, promotion, special offer, or installment plan, or contact P.C. Richard's customer service.

6.2.  After the Effective Date of this Agreement, for each new, renewed, or renegotiated contract with a vendor of Third-Party Content, P.C. Richard shall request that the vendor provide Accessible content. If, during this contracting process, P.C. Richard issues a request for a proposal for development or inclusion of Third-Party Content on the Digital Properties, then P.C. Richard shall include Accessibility as a criterion. For Third-Party Content, P.C. Richard shall seek out such content that ensures Accessibility or that the Accessibility Consultant determines can be made Accessible.

7.  **Accessibility Coordination Team.**

7.1.  Within three (3) months of the Effective Date of this Agreement, P.C. Richard shall designate a team of its employees and/or contractors as the Accessibility Coordination Team for the Digital Properties. P.C. Richard shall also notify Class Counsel in writing when such designation is complete.

7.2.  The Accessibility Coordination Team shall be responsible for coordinating P.C. Richard's compliance with Sections 4 through 18 of this Agreement.

7.3.    P.C. Richard shall maintain the Accessibility Coordination Team through at least the end of the Agreement Term.

**8.    Accessibility Consultant and Status Report.**

8.1.    Within six (6) months of the Effective Date of this Agreement, P.C. Richard shall appoint or retain an Accessibility Consultant who is knowledgeable about digital accessibility, the ADA, WCAG 2.1, and Accessibility. P.C. Richard shall inform Class Counsel of its selection of an Accessibility Consultant. If Class Counsel or Named Plaintiff objects to P.C. Richard's selection as inadequate to represent the interests or needs of individuals who are Blind and/or who have a Visual Disability, the Parties will work in good faith to resolve such objection pursuant to the Dispute Resolution Procedure.

8.2.    The Accessibility Consultant's duties shall include: (a) assisting P.C. Richard with conducting the Initial Accessibility Audit; (b) ensuring that the Initial Accessibility Audit was done in a manner consistent with Section 9.2; (c) advising P.C. Richard as to how to make the Digital Properties Accessible; (d) verifying that the Digital Properties are Accessible in the Letter of Accessibility; and (e) verifying P.C. Richard's compliance with this Agreement.

8.3.    Before each anniversary date of the Effective Date of this Agreement, the Accessibility Consultant shall provide P.C. Richard with a Status Report. In the Status Report, the Accessibility Consultant shall: (a) identify content, features, and services on the Digital Properties that are not Accessible to individuals who use Appropriate Auxiliary Aids and Services; and (b) recommend steps P.C. Richard should take to ensure the Accessibility of the Digital Properties.

8.4.    P.C. Richard shall include copies of the Letter of Accessibility and the Status Report as exhibits to the Annual Report provided to Class Counsel on the anniversary of the Effective Date during the Agreement Term.

8.5.    P.C. Richard shall notify Class Counsel if it appoints or retains a new Accessibility Consultant during the Agreement Term within one (1) month of such change. If Class Counsel or Named Plaintiff objects to P.C. Richard's selection as inadequate to represent the interests or needs of individuals who are Blind and/or who have a Visual Disability, the Parties will work in good faith to resolve such objection pursuant to the Dispute Resolution Procedure.

9.    **Initial Accessibility Audit.**

9.1.    Prior to the development of an Accessibility Strategy, P.C. Richard shall complete the Initial Accessibility Audit to identify Accessibility barriers that exist in the Digital Properties.

9.2.    The Initial Accessibility Audit shall be conducted in a professional manner and shall be benchmarked by appropriate processes, including automated and end-user testing, consistent with the Accessibility Consultant's recommendations. End-user testing must be performed by individuals who have training and experience in the appropriate assistive technology that individuals who are Blind and/or who have a Visual Disability use to navigate, browse, and shop online.

9.3.    P.C. Richard shall include the results of the Initial Accessibility Audit as an exhibit to the Annual Report due to Class Counsel on the Effective Date's first anniversary.

10.    **Accessibility Strategy.**

10.1.    Within eighteen (18) months of the Effective Date of this Agreement, P.C. Richard shall develop and implement an Accessibility Strategy designed to ensure that the Digital Properties are Accessible by the end of the Agreement Term.

10.2.    In developing and implementing the Accessibility Strategy, P.C. Richard shall consider this Agreement, the Initial Accessibility Audit, the Accessibility Statement, and the recommendations and Status Reports of the Accessibility Consultant.

10.3.    Within eighteen (18) months of the Effective Date of this Agreement, P.C. Richard shall provide a copy of the Accessibility Strategy to Class Counsel.

10.4.    Within eighteen (18) months of the Effective Date of this Agreement, P.C. Richard shall disseminate the Accessibility Strategy among P.C. Richard Personnel.

11.    **Accessibility Statement and Accessibility Feedback Form.**

11.1.    Within nine (9) months of the Effective Date of this Agreement, P.C. Richard shall develop the Accessibility Statement.

11.2.    The Accessibility Statement shall advise visitors that P.C. Richard is making efforts to ensure that its Digital Properties conform to WCAG 2.1 A/AA and include an Accessibility Feedback Form that encourages visitors who are Blind and/or who have a Visual Disability to provide feedback to help improve the accessibility of

the Digital Properties. At minimum, the Accessibility Feedback Form shall include separate fields for the following information:

11.2.1.  The URL of the page to which a visitor's feedback relates;

11.2.2.  An area for the visitor to describe the accessibility problem the visitor encountered;

11.2.3.  An area for the visitor to describe their computer operating system, browser (user agent), and any assistive technology the visitor used when they encountered the accessibility problem; and

11.2.4.  An area for the visitor provide their email address if they wish to discuss this issue or be updated on P.C. Richard's efforts to resolve this issue.

11.3.  The Accessibility Feedback Form shall clearly state that each field is optional.

11.4.  P.C. Richard shall maintain user submissions received through the Accessibility Feedback Form in the Accessibility Feedback Form Log throughout the Agreement Term and any extensions thereto. In addition to the fields identified in Sections 11.2, the Accessibility Feedback Form Log shall track at least the following information:

11.4.1.  A description of what assistance, if any, P.C. Richard offered to provide the party who completed the Accessibility Feedback Form;

11.4.2.  A description of what alteration, if any, P.C. Richard made to its Digital Properties in response to the Accessibility Feedback Form submission;

11.4.3.  A notation of whether the party who completed the Accessibility Feedback Form indicated their problem, if any, has been resolved.

11.5.  If visitors who are Blind and/or who have a Visual Disability provide accessibility-related feedback to Class Counsel, Named Plaintiff, or P.C. Richard through any other avenue (*e.g.* physical mail or email, *etc.*), Class Counsel, Named Plaintiff, and P.C. Richard shall respond by encouraging the visitors to complete the Accessibility Feedback Form.

11.6.  The Accessibility Statement shall advise visitors that P.C. Richard will prioritize issues involving compliance with WCAG over general usability concerns.

11.7.  The Accessibility Statement shall include a telephone number for visitors who are Blind and/or who have a Visual Disability to contact P.C. Richard in the event the

visitor cannot complete the Accessibility Feedback Form, in which case P.C. Richard shall complete the Accessibility Feedback Form on their behalf.

11.8.    Within nine (9) months of the Effective Date of this Agreement, P.C. Richard shall provide a copy of the Accessibility Statement to Class Counsel.

11.9.    Class Counsel and Named Plaintiff shall have an opportunity to review and approve the Accessibility Statement. If Class Counsel or Named Plaintiff objects to the Accessibility Statement as inadequate to represent the interests or needs of individuals who are Blind and/or who have a Visual Disability, the Parties will work in good faith to resolve such objection pursuant to the Dispute Resolution Procedure. Within thirty (30) days of approval of the Accessibility Statement by the Parties, P.C. Richard shall post the Accessibility Statement on all Digital Properties.

11.10.    Within eighteen (18) months of the Effective Date of this Agreement, P.C. Richard shall add a link at the beginning of all Digital Properties, directing individuals who are Blind and/or who have a Visual Disability to the Accessibility Statement. P.C. Richard shall have the option to make this link invisible to customers who do not use Appropriate Auxiliary Aids and Services, provided that this link is otherwise Accessible.

11.11.    At the time of their release, P.C. Richard shall add a link at the beginning of any New Websites and Mobile Apps, directing individuals who are Blind and/or who have a Visual Disability to the Accessibility Statement. P.C. Richard shall have the option to make this link invisible to customers who do not use Appropriate Auxiliary Aids and Services, provided that this link is otherwise Accessible.

11.12.    Within six (6) months of their acquisition, P.C. Richard shall add a link at the beginning of any Subsequently Acquired Websites and Mobile Apps, directing individuals who are Blind and/or who have a Visual Disability to the Accessibility Statement. P.C. Richard shall have the option to make this link invisible to customers who do not use Appropriate Auxiliary Aids and Services, provided that this link is otherwise Accessible.

11.13.    The Annual Report shall state the status of the implementation of Section 11 and include a copy of the Accessibility Feedback Form Log for the previous twelve (12) months.

12.    **Accessibility Training.**

12.1.    Within eighteen (18) months of the Effective Date of this Agreement, P.C. Richard shall train all employees responsible for website or mobile application design, development, or maintenance to ensure the future design, development, and maintenance of the Digital Properties are and remain conformant to WCAG 2.1 A/AA.

12.2.    P.C. Richard shall provide Accessibility training to all newly-hired employees responsible for website or mobile application design, development, or maintenance within the latter of eighteen (18) months of the Effective Date of this Agreement or 180 days of their hire date.

12.3.    Commencing in 2023, P.C. Richard shall ensure that all then-current employees responsible for website or mobile application design, development, or maintenance are provided with refresher Accessibility training at regular intervals that shall not exceed two years.

12.4.    During the Agreement Term and consistent with the annual reporting requirements in Section 23 of this Agreement, P.C. Richard shall, upon request by Class Counsel, provide copies of all final Accessibility training materials to Class Counsel. Nothing in this Section shall require P.C. Richard to provide training materials that illustrate inaccessible content on the Digital Properties. Any Accessibility Training Materials provided to Class Counsel in response to a request shall be treated as Highly Confidential and shall be for Class Counsel's eyes only.

13.    **Customer Service Training.** P.C. Richard shall ensure its customer service personnel are trained to assist individuals with disabilities (including individuals who are Blind and/or who have a Visual Disability) who encounter difficulties using the Digital Properties and to timely assist such individuals within published hours of operation.

14.    **Modified Bug Fix Priority.**

14.1.    Within eighteen (18) months of the Effective Date of this Agreement, P.C. Richard shall make reasonable efforts to modify its existing bug fix policies, practices, and procedures to include the elimination of bugs that create Accessibility barriers, including those that prohibit effective communication or impair the Accessibility of the Digital Properties.

14.2.    P.C. Richard shall ensure that any bugs that create Accessibility barriers to the Digital Properties are remedied with the same level of priority (*e.g.*, speed, resources used to remedy, *etc.*) as any other equivalent loss of function for

individuals who are not Blind and who do not have a Visual Disability for the same type of content.

14.3. P.C. Richard shall provide a copy of the Modified Bug Fix Priority as an exhibit to the Second Annual Report.

**15.** **Accessibility Support.** Within eighteen (18) months of the Effective Date of this Agreement, P.C. Richard shall provide support during regular business hours to assist individuals who are Blind and/or who have a Visual Disability with resolving Accessibility issues regarding the Digital Properties.

**16.** **Semi-Annual Automated Accessibility Audit.**

16.1. During the Agreement Term, P.C. Richard, the Accessibility Consultant, or a consultant retained on its behalf, shall perform Semi-Annual Automated Accessibility Audits (every six months) to evaluate whether the Digital Properties are Accessible.

16.2. The P.C. Richard Settlement Contact shall forward the results of the Semi-Annual Automated Accessibility Audit to Class Counsel as part of the next Annual Report that P.C. Richard must provide Class Counsel pursuant to this Agreement.

16.3. Semi-Annual Automated Accessibility Audits shall be conducted using the WAVE Web Accessibility Evaluation Tool (https://wave.webaim.org), the enterprise level Pope Tech automated testing tool (https://pope.tech), or a mutually agreeable tool selected by P.C. Richard. Such automated testing shall include web pages identified by the tool "crawling" the links on each web page and shall be limited to no more than 5,000 web pages.

**17.** **Annual End-User Accessibility Testing.**

17.1. During the Agreement Term, the Accessibility Consultant shall perform Annual End-User Accessibility Testing, with such testing to be performed by individuals who are Blind and/or who have a Visual Disability or who have training and experience in the manner in which individuals who are Blind and/or who have a Visual Disability use Appropriate Auxiliary Aids and Services to navigate, browse, and shop online, to evaluate whether the Digital Properties are Accessible.

17.2. The P.C. Richard Settlement Contact shall forward the results of the Annual End-User Accessibility Testing to Class Counsel as part of the next Annual Report that P.C. Richard must provide Class Counsel pursuant to this Agreement.

17.3.    Annual End-User Accessibility Testing shall include at least thirty (30) web pages selected by the Accessibility Consultant in consultation with P.C. Richard that represent the type of content found throughout the Digital Properties and the Digital Properties' most common user flows, like navigating from the homepage to a product page to checkout, or from the homepage to customer service. The list of web pages and user flows will be provided by the P.C. Richard Settlement Contact to Class Counsel. If Class Counsel objects to P.C. Richard's selection as inadequate to represent the interests or needs of individuals who are Blind and/or who have a Visual Disability, P.C. Richard and Class Counsel will work in good faith to resolve such objection pursuant to the Dispute Resolution Procedure.

18.    **Agreement Term.** The Agreement Term shall last three (3) years from the Effective Date.

18.1.    If P.C. Richard is unable to provide the Letter of Accessibility by the end of the Agreement Term, then the term of the Agreement shall extend to the end of the First Extended Agreement Term.

18.2.    If the term of the Agreement is extended pursuant to Section 18.1, and P.C. Richard is unable to provide the Letter of Accessibility by the end of the First Extended Agreement Term, then the term of the Agreement shall extend to the end of the Second Extended Agreement Term.

18.3.    P.C. Richard, Class Counsel, and Plaintiff agree to work in good faith to secure a Letter of Accessibility as soon as practicable throughout the Agreement.

19.    **Monitoring of Compliance.** Class Counsel and Named Plaintiff shall monitor P.C. Richard's compliance with Sections 4 through 18 of this Agreement as described in this Section.

19.1.    Class Counsel and Named Plaintiff shall be entitled to visit the Digital Properties at any time without notice for the purpose of evaluating P.C. Richard's compliance with Sections 4 through 18 of this Agreement.

19.2.    P.C. Richard shall include a copy of the Accessibility Feedback Form Log for the previous twelve (12) months in the Annual Report. For at least six (6) months after the Annual Report in which they are logged, P.C. Richard shall retain copies of all Accessibility Feedback Form submissions for inspection by Class Counsel and/or Named Plaintiff before the parties' annual meet-and-confer described in Section 23 of this Agreement.

20.    **P.C. Richard's Reporting Schedule.** P.C. Richard shall provide the following information to Class Counsel during the Agreement Term.

| Information | Deadline | *See* Agreement at Section |
|---|---|---|
| The Annual Report | On the Effective Date's anniversary date during the Agreement Term | 23.1 |
| The Letter of Accessibility | To be included as an exhibit to the Annual Report | 8.4 |
| Confirmation P.C. Richard has designated the Accessibility Coordination Team | Within three (3) months of the Effective Date | 7.1 |
| Confirmation P.C. Richard has appointed or retained the Accessibility Consultant | Within six (6) months of the Effective Date | 8.1 |
| The Accessibility Consultant's Status Report | To be included as an exhibit to the Annual Report | 8.4 |
| Changes to the Accessibility Consultant | Within three (3) months of any change | 8.5 |
| Results of the Initial Accessibility Audit | To be included as an exhibit to the Annual Report | 9.3 |
| The Accessibility Strategy | Within eighteen (18) months of the Effective Date | 10.3 |
| The Accessibility Statement | Within nine (9) months of the Effective Date | 11.8 |
| Status of the Accessibility Statement | To be included in the Annual Report | 11.13 |
| Accessibility training materials | To be included in the Annual Report | 12.4 |
| Results of the Semi-Annual Automated Accessibility Audit | To be included in the Annual Report | 16.2 |

| Results of the Annual End-User Accessibility Testing | To be included in the Annual Report | 17.2 |
| Accessibility Feedback Form Log | To be included in the Annual Report | 19.2 |
| Annual Report and Meet-and-Confers | Within 30 days after each Annual Report | 23 |

**21.    Scope of Agreement.**

21.1.   The provisions of this Agreement shall apply to P.C. Richard's policies, practices, and procedures with respect to individuals who are Blind and/or who have a Visual Disability within the United States who use Appropriate Auxiliary Aids and Services to access the Digital Properties. The data P.C. Richard periodically reports to Class Counsel pursuant to this Agreement shall contain relevant information for these individuals.

21.2.   The provisions of this Agreement shall not apply to Subsequently Abandoned Websites and Mobile Apps.

21.3.   Named Plaintiff expressly agrees that the resolution described herein is fair and adequate, and that the policies and procedures set forth in this Agreement are intended to remedy any and all alleged violations of the ADA and related state and local laws by P.C. Richard with respect to the claims alleged by Named Plaintiff in this litigation.

21.4.   Named Plaintiff expressly agree that the resolution described herein adequately meets the needs of individuals who are Blind and/or who have a Visual Disability within the United States to access the Digital Properties.

**22.    Incentive Award to Named Plaintiff.**

22.1.   Subject to Court approval, P.C. Richard shall pay Named Plaintiff an incentive award in the amount of One Thousand Five Hundred Dollars and Zero Cents ($1,500.00).

22.2.   Named Plaintiff waives any right to an incentive award in connection with this matter which exceeds the amount provided in Section 22.1.

22.3.   P.C. Richard shall pay the amount provided in Section 22.1 within fourteen (14) days of the Effective Date by sending a business check or wire transfer payable to

"EAST END TRIAL GROUP LLC IOLTA ATTORNEY TRUST ACCOUNT" to Class Counsel in care of Kevin W. Tucker, East End Trial Group LLC, at an address or account to be confirmed by Class Counsel before payment.

22.4.   The incentive award shall not be subject to withholding deductions and P.C. Richard may issue an IRS Form 1099 to Named Plaintiff, through Class Counsel at the address provided in Section 41.1.

**23.    Annual Report and Meet-and-Confers.**

23.1.   During the Agreement Term, on the Effective Date's anniversary date, P.C. Richard shall submit a report to Class Counsel, stating the status of the implementation of this Agreement and identifying any outstanding issues on which the Parties are then in disagreement.

23.2.   Within thirty (30) days of delivery of the Annual Report, Class Counsel and P.C Richard or its counsel will meet to discuss the Annual Report, review the implementation of this Agreement, and any outstanding disagreements. Such meetings may be either in person or by telephone. These meeting can be waived if all parties agree to waiver prior to such meetings.

**24.    Dispute Resolution Procedure.** The Parties shall address disputes relating to any of the provisions of this Agreement as follows:

24.1.   Informal Dispute Resolution.

24.1.1.   If either Party believes a dispute exists relating to this Agreement, it shall notify the other Party in writing, describing the dispute. The other Party shall respond in writing to such notice within fifteen (15) business days of receipt of the notice.

24.1.2.   If a Settlement Class Member believes a dispute exists relating to Sections 4 through 20 of this Agreement, he or she may notify Class Counsel who, in turn, shall notify P.C. Richard in writing, describing the dispute. P.C. Richard shall respond in writing to such notice within fifteen (15) business days of receipt of the notice.

24.1.3.   Further, if P.C. Richard is informed of a dispute relating to Sections 4 through 20 of this Agreement by a Settlement Class Member, P.C. Richard shall notify Class Counsel in writing, describing the dispute and providing the Settlement Class Member's contact information, if known. P.C. Richard shall respond in writing to the dispute within fifteen (15) business days of receipt of the dispute. The response

shall be directed to Class Counsel. Unless the submission references a Section of this Agreement, this Section shall not apply to complaints submitted through the Accessibility Statement, which complaints P.C. Richard will provide to Class Counsel in the Accessibility Feedback Form Log pursuant to Sections 11 and 19.

24.1.4.    Within fifteen (15) business days of receipt of the response described in Sections 24.1.1, 24.1.2, or 24.1.3, counsel for the Parties shall meet-and-confer by telephone or in person and attempt to resolve the issue(s) informally. The Parties may agree to enter mediation on the issue(s) in dispute.

24.1.5.    P.C. Richard shall be responsible for all reasonable attorneys' fees and Costs incurred by Class Counsel and Named Plaintiff in pursuing informal dispute resolution of a nonfrivolous claim pursuant to Section 24.1, if the dispute is not resolved within thirty (30) days.

24.2.    Submission to Mediation.

24.2.1.    In the event that the Parties are unable to resolve their dispute through such meet-and-confer negotiations, then within forty-five (45) days of receipt of the notice of the dispute, the dispute shall be submitted to non-binding mediation before a mutually agreed-upon mediator in Pittsburgh, Pennsylvania or such other location as the Parties may mutually agree. The mediation may be conducted electronically. P.C. Richard shall be responsible for all reasonable attorneys' fees and Costs incurred by Class Counsel and Named Plaintiff in pursuing mediation of a nonfrivolous claim pursuant to Section 24.2. P.C. Richard will not be responsible for such fees and Costs if the mediator concludes that (1) such costs are not reasonable, or (2) Named Plaintiff did not conduct the negotiations to resolve the dispute in advance of mediation in good faith, or (3) the dispute is frivolous. If P.C. Richard declines to pay such fees and Costs, Named Plaintiff may submit the dispute to the Court.

24.3.    Submission to the Court.

24.3.1.    If the meet-and-confer process and mediation pursuant to Sections 24.1 and 24.2 of this Agreement do not result in a resolution of the dispute within a reasonable time, any Party may make a motion for resolution of the dispute by any United States District Court Judge

who may be assigned to the case.

24.3.2. In the event that any Party finds it necessary to seek resolution of a dispute by the Court, the Court shall award reasonable attorneys' fees and Costs incurred in pursuing dispute resolution as set forth in Section 24.3 in accordance with the prevailing party standards under the ADA.

## 25. Attorneys' Fees and Costs Through the Agreement Term.

25.1. Subject to Court approval, P.C. Richard shall pay Named Plaintiff's reasonable attorneys' fees and Costs incurred in connection with this matter in the amount of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00). East End Trial Group LLC shall provide P.C. Richard with a current W-9 and any further documentation or information necessary to allow it to meet its payment obligations herein.

25.2. Class Counsel and Named Plaintiff waives any right to reasonable attorneys' fees and Costs incurred in connection with this matter through the end of the Agreement Term that exceed the amount provided in Section 25.1, other than the right to any reasonable attorneys' fees and Costs awarded pursuant to the Dispute Resolution Procedure.

25.3. P.C. Richard shall pay the amount provided in Section 25.1 within forty-five (45) days following Final Approval by sending a business check or wire transfer payable to "EAST END TRIAL GROUP LLC IOLTA ATTORNEY TRUST ACCOUNT" to Class Counsel in care of Kevin W. Tucker, East End Trial Group LLC, at an address or account to be confirmed by Class Counsel before payment.

## 26. Attorneys' Fees and Costs After the Agreement Term.

26.1. First Extended Agreement Term.

26.1.1. If there is a First Extended Agreement Term, P.C. Richard shall pay additional reasonable attorneys' fees and Costs incurred by Named Plaintiff during the First Extended Agreement Term for work performed by Class Counsel pursuant to this Agreement in the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00).

26.1.2. Other than the right to any reasonable attorneys' fees and Costs awarded pursuant to the Dispute Resolution Procedure, Named Plaintiff waive any right to attorneys' fees and Costs for work performed by Class Counsel during the First Extended Agreement Term that exceeds the amount provided in Section 26.1.1.

26.1.3.    P.C. Richard shall pay the amount provided in Section 26.1.1 no later than forty-five (45) days after the start of the First Extended Agreement Term or the date P.C. Richard receives all necessary IRS forms from East End Trial Group LLC, whichever is later, by sending a business check or wire transfer payable to "EAST END TRIAL GROUP LLC IOLTA ATTORNEY TRUST ACCOUNT" to Class Counsel in care of Kevin W. Tucker, East End Trial Group LLC, at an address or account to be confirmed by Class Counsel before payment.

26.2.    Second Extended Agreement Term.

26.2.1.    If there is a Second Extended Agreement Term, P.C. Richard shall pay additional reasonable attorneys' fees and Costs incurred by Named Plaintiff during the Second Extended Agreement Term for work performed by Class Counsel pursuant to this Agreement in the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00).

26.2.2.    Other than the right to any reasonable attorneys' fees and Costs awarded pursuant to the Dispute Resolution Procedure, Class Counsel and Named Plaintiff waive any right to attorneys' fees and Costs for work performed by Class Counsel during the Second Extended Agreement Term that exceeds the amount provided in Section 26.2.1.

26.2.3.    P.C. Richard shall pay the amount provided in Section 26.2.1 no later than forty-five (45) days after the start of the Second Extended Agreement Term or the date P.C. Richard receives all necessary IRS forms from East End Trial Group LLC, whichever is later, by sending a business check or wire transfer payable to "EAST END TRIAL GROUP LLC IOLTA ATTORNEY TRUST ACCOUNT" to Class Counsel in care of Kevin W. Tucker, East End Trial Group LLC, at an address or account to be confirmed by Class Counsel before payment.

**27.    Preliminary Approval, Objections, and Fairness Hearing.**

27.1.    Promptly after execution of this Agreement, Named Plaintiff, through Class Counsel, shall request that the Court schedule a preliminary approval hearing within fourteen (14) days of the request, or as soon thereafter as the Court may set the hearing, and that the Court preliminarily approve this Agreement, and approve the proposed form of notice and plan for providing notice submitted by the Parties.

27.2.   Named Plaintiff shall ask the Court to schedule a final fairness hearing no less than ninety (90) days after the Notice Deadline set by the Court, or as soon thereafter as the Court may set the hearing.

27.3.   Named Plaintiff shall ask the Court to order the following procedures for objections: Settlement Class Members may object to the proposed Agreement by filing, within sixty (60) days after the Notice Deadline set by the Court, written objections with the Clerk of the Court. Only such objecting Settlement Class Members shall have the right, and only if they expressly seek it in their objections, to present objections at the fairness hearing. The Parties shall ensure that Settlement Class Members may participate in-person or by electronic conferencing (*e.g.*, Zoom). Appropriate Auxiliary Aids and Services necessary for effective communication (*e.g.*, captioning, audio descriptions, etc.) shall be provided pursuant to The Guide to Judiciary Policy, Vol. 5, § 255.40 (available at http://www.uscourts.gov/rules-policies/judiciary-policies/court-interpreting-guidance). Settlement Class Members may contact the Access Coordinator for the United States District Court for the Western District of Pennsylvania or Class Counsel for additional information. As of the date of this agreement, the Court's Access Coordinator is Mike Palus, who can be reached at the Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219, (412) 208-7500. Settlement Class Members may find additional information regarding the Access Coordinator at https://www.pawd.uscourts.gov/communication-access-coordinator.

27.4.   The Parties may respond to any timely-filed objections no less than five (5) days before the fairness hearing.

## 28.   Notice.

28.1.   As soon as practicable, but no later than twenty-one (21) days after the Court's entry of a Preliminary Approval order, P.C. Richard shall, at its expense:

28.1.1.   Add dates to the placeholders in the Long-Form Notice accompanying this Agreement as Exhibit 1.

28.1.2.   Ensure the Settlement Website is live and may be accessed over the internet. P.C. Richard shall further ensure the Settlement Website is Accessible; the Settlement Website tracks the number of visitors to the Settlement Website; and the Settlement Website remains published for at least 60 days after the date the Court grants final approval of the Settlement Agreement.

28.1.3.   Cause the Long-Form Notice to be published on, and make the

following documents filed in the Lawsuit available for download on, the Settlement Website: the class action complaint, motion for preliminary approval of class action settlement and all supporting documents, and the Court's orders concerning preliminary approval as well as any supporting memorandum. P.C. Richard shall ensure the documents identified in this Section shall be fully accessible by individuals who use Appropriate Auxiliary Aids and Services.

28.1.4.    Display a link to the Settlement Website at the beginning of the Website. P.C. Richard shall ensure this link directs individuals who are Blind and/or who have a Visual Disability to the Settlement Website, and shall have the option to make this link invisible to customers who are not Blind and who do not have a Visual Disability, provided that this link is otherwise Accessible. The link shall include alternative text which reads "Click to view our ADA class action settlement notice." P.C. Richard shall further ensure this link remains published for at least 180 days after the date the Court grants final approval of the Settlement Agreement.

28.1.5.    Cause a post in the form of Section 28.5 to be published on the following social media accounts: https://www.facebook.com/Pcrichardandson, https://www.instagram.com/pcrichardandson/, and https://twitter.com/PCRichardandSon. P.C. Richard shall ensure these posts are fully accessible to individuals who use Appropriate Auxiliary Aids and Services. P.C. Richard shall further ensure these posts remain published during the Agreement Term.

28.1.6.    Cause an accessible in-app notice in the form of Section 28.5 to be published via P.C. Richard's Mobile Applications. P.C. Richard shall ensure this notice is fully accessible to individuals who use Appropriate Auxiliary Aids and Services. P.C. Richard shall further ensure this notice shall appear at least once to any user that accesses P.C. Richard's Mobile Applications during the Agreement Term.

28.1.7.    Publish a blog post on the Website in the form of the Long-Form Notice accompanying this Agreement as Exhibit 1. P.C. Richard shall ensure this post is fully accessible to individuals who use Appropriate Auxiliary Aids and Services. P.C. Richard shall maintain the blog post on its Website during the Agreement Term.

28.1.8.    Cause an email in the form of Section 28.6 to be sent to each

subscriber of P.C. Richard's newsletter. The email's subject line shall read: "Our agreement to make P.C. Richard's store accessible to individuals who are blind and/or who have a visual disability". P.C. Richard shall ensure this email is fully accessible to individuals who use Appropriate Auxiliary Aids and Services.

28.2.  P.C. Richard shall ensure the documents identified in this Section shall be fully accessible by individuals who use Appropriate Auxiliary Aids and Services.

28.3.  No less than five (5) days before the fairness hearing, P.C. Richard shall file a declaration that all of the obligations of Sections 28.1 and 28.2 have been discharged, along with the number of visitors to the Settlement Website.

28.4.  As soon as practicable, but no later than twenty-eight (28) days after the Court's entry of a Preliminary Approval order, Class Counsel shall, at its expense, request that at least the following organizations publish notice in the form of Section 28.6 in their respective electronic newsletters and social media accounts such that the notice is sent out within sixty (60) days of Preliminary Approval: ACHIEVA, American Action Fund for Blind Children and Adults, American Council of the Blind, American Foundation for the Blind, Blinded American Veterans Foundation, Blinded Veterans Association, Foundation Fighting Blindness, Pennsylvania Association for the Blind, Disability Law Center, Disability Rights Education and Defense Fund, and National Federation of the Blind.

28.5.  "Visit https://www.PCRichardADAsettlement.com to learn more about P.C. Richard's agreement to make its online store accessible to individuals who are Blind and/or who have a Visual Disability. Have questions? Contact East End Trial Group at https://eastendtrialgroup.com."

28.6.  "A proposed settlement has been reached that would resolve the class action lawsuit *Douglass v. P.C. Richard & Son, LLC*, Case No. 2:22-cv-399 (W.D. Pa.). The lawsuit alleges that P.C. Richard violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, by failing to take the necessary steps to ensure its website and mobile apps do not discriminate against individuals who are Blind and/or who have a Visual Disability. Under the settlement, P.C. Richard agrees to make its website, mobile apps, and any new website or mobile app it develops or acquires accessible to individuals who are Blind and/or who have a Visual Disability. For a more complete summary of the terms of the proposed settlement, please visit https://www.PCRichardADAsettlement.com. Have questions? Contact East End Trial Group at https://eastendtrialgroup.com"

29. **Judgment, Final Approval, and Dismissal.**

29.1. Class Counsel and Named Plaintiff shall request that the Court enter a final judgment and order granting Final Approval of this Agreement and enjoining Settlement Class Members from asserting any Released Injunctive Claims. Among other things, the final judgment and order granting Final Approval of this Agreement shall attach this Agreement as an exhibit and shall provide that the Court retains jurisdiction through the Agreement Term in order to enforce this Agreement.

29.2. The Parties shall move to dismiss the Lawsuit with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure no later than forty-five (45) days following the date of Final Approval and P.C. Richard's payment of fees pursuant to Section 26, whichever occurs later. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), the Parties' joint motion shall request that the Court's dismissal order expressly retain the Court's jurisdiction to interpret and enforce this Agreement against Named Plaintiff, P.C. Richard, and Settlement Class Members.

30. **No Admission of Liability.** By agreeing to and voluntarily entering into this Agreement, there is no admission or concession by P.C. Richard, direct or indirect, express or implied, that the Website is in any way inaccessible, or that P.C. Richard has violated the ADA or any other federal, state, or local law, code, regulation, order, or rule. Nothing in this Agreement shall operate as an admission by P.C. Richard in any context other than within the settlement of this Lawsuit that any particular standard or standards apply to the Website or other Digital Property under the ADA or any other federal or state law.

31. **Terms Not Confidential; Non-Disparagement.**

31.1. The terms of this Agreement are not confidential and will be publicly filed into the Court record of this Lawsuit.

31.2. The Parties and their respective counsel, agents, and representatives agree not to make any disparaging remarks about the other Party and their respective counsel relating to this Agreement or the negotiations leading to it.

31.3. Plaintiff and Class Counsel agree not to publish or redistribute any reports and communications provided by P.C. Richard and its affiliates under this Agreement. The Parties agree this Section shall not limit Named Plaintiff's reliance on or use of such information while utilizing the Alternative Dispute Resolutions procedures outlined in Section 24. This Section also shall not apply to the extent any other dispute arises concerning compliance with this Agreement.

32. **Release.** Effective on the date of Final Approval, the Injunctive Releasing Parties

unconditionally and forever fully and finally release, acquit, and discharge the P.C. Richard Parties from the Released Injunctive Claims. Pursuant to this release, Named Plaintiff and Settlement Class Members shall not bring any claims concerning the Accessibility of the Digital Properties during the Agreement Term. Notwithstanding this release, Named Plaintiff and Settlement Class Members may fully utilize the Dispute Resolution Procedure during the Agreement Term.

33. **Entire Agreement.** This Agreement contains all the agreements, conditions, promises, and covenants among P.C. Richard, Named Plaintiff, Class Counsel, and the Settlement Class regarding matters set forth in this Agreement, and supersedes all prior or contemporaneous agreements, drafts, representations, or understandings, whether written or oral, with respect to the subject matter of this Agreement.

34. **Amendment.** Prior to Final Approval, this Agreement can only be amended by written agreement of the Parties hereto. Following Final Approval, no amendment of this Agreement shall be effective unless such amendment is pursuant to Court order.

35. **Severability.** If any provision or any part of this Agreement shall at any time be held unlawful, or inconsistent with applicable law, in whole or in part, under any federal, state, county, municipal, or other law, ruling, or regulation, then the remaining provisions of this Agreement shall remain effective and enforceable.

36. **Drafting of this Agreement.** This Agreement is deemed to have been drafted by all Parties hereto, as a result of arm's length negotiations among the Parties. Whereas all Parties have contributed to the preparation of this Agreement, this Agreement shall not be construed more strictly against one Party than another.

37. **Execution in Counterparts.** The Parties may execute this Agreement in counterparts, each of which shall constitute an original for all purposes, including any copies of the same, and all duplicate counterparts will be construed together and constitute one agreement. The Parties will be bound by signatures on this document that are transmitted by hand delivery, mail, facsimile, electronic mail, or any other electronic means to the other Party or, if applicable, counsel for the other Party. Such signatures will have the same binding effect as any original signatures. A typed electronic signature will have the same effect as a handwritten signature.

38. **Authority.** The Parties stipulate that the signing individuals have authority to bind the entity that they are signing on behalf of.

39. **Continuing Jurisdiction.** The Parties agree that the Court shall have continuing jurisdiction throughout the Agreement Term (including, if applicable, the First Extended Agreement Term and Second Extended Agreement Term), to interpret and enforce this

Agreement.

40. **Deadlines.** The Parties and the Court recognize that from time-to-time unforeseen events, such as exigent business circumstances, labor disputes, natural disasters, personnel issues, pandemics, and negotiations with third parties, cause delays in the accomplishment of objectives, no matter how well-intentioned and diligent the Parties may be. Accordingly, with regard to the provisions of this Agreement that require that certain acts be taken within specified periods, the Parties understand and agree that Court approval shall not be required for reasonable extensions of deadlines. In the event that any Party determines that an action required by this Agreement cannot be taken within the specified time period, that Party shall promptly notify the other Party that it anticipates a delay, state the reasons for the delay, and offer a proposed alternative deadline. The Parties shall endeavor to cooperate in reasonably rescheduling such deadlines. However, if the other Party does not agree to the proposed delay, the Parties shall submit the matter to the Dispute Resolution Procedure.

41. **Communications to Named Plaintiff, Class Counsel, the Settlement Class, and P.C. Richard.** All letters, notices, IRS Form 1099s, requests, demands, and other communications required or permitted to be given to the Parties pursuant to this Agreement shall be in writing, provided by electronic mail, facsimile, and/or next-day express delivery service, and addressed as follows:

    41.1.   To Named Plaintiff, Class Counsel, or the Settlement Class:

        Kevin W. Tucker (He/Him)
        Kevin Abramowicz (He/Him)
        Stephanie Moore (She/Her)
        Chandler Steiger (She/Her)
        EAST END TRIAL GROUP LLC
        6901 Lynn Way, Suite 215
        Pittsburgh, PA 15208
        www.eastendtrialgroup.com
        ktucker@eastendtrialgroup.com
        kabramowicz@eastendtrialgroup.com
        smoore@eastendtrialgroup.com
        csteiger@eastendtrialgroup.com
        Tel. (412) 877-5220
        Fax. (412) 626-7101

    41.2.   To P.C. Richard:

        Geoffrey Castello
        KELLEY DRYE & WARREN LLP

One Jefferson Road
Parsippany, NJ 07054
gcastello@kelleydrye.com
Tel. (973) 503-5922
Fax. (973) 503-5950

P.C. Richard may change the individual(s) to whom notices and communications required or permitted by this Agreement shall be sent by providing Class Counsel with written notification that it wishes to do so.

*[Signature block begins on the next page.]*

THE PARTIES EXECUTING THIS AGREEMENT BELOW INDIVIDUALLY ACKNOWLEDGE THAT EACH: HAS READ THIS AGREEMENT; UNDERSTANDS, ACCEPTS, AND AGREES TO ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT; AND EXECUTES THIS AGREEMENT VOLUNTARILY, WITH FULL UNDERSTANDING OF ITS CONSEQUENCES, AND WITHOUT DURESS OF ANY KIND.

**BLAIR DOUGLASS**

Dated: Dec 16, 2022                By: *Blair Douglass*
                                    Blair Douglass (Dec 16, 2022 20:12 EST)

**P.C. RICHARD & SON, LLC**

Dated: _____            By: _____

                                   Its: _____

**APPROVED AS TO FORM AND CONTENT:**

COUNSEL FOR BLAIR DOUGLASS
AND THE SETTLEMENT CLASS                    COUNSEL FOR P.C. RICHARD & SON, LLC

By: *Kevin W. Tucker*                       By: _____
    Kevin W. Tucker (He/Him)                    John J. BerryPa. I.D. No. 313481
    Kevin Abramowicz (He/Him)                   DINSMORE & SHOHL, LLP
    Stephanie Moore (She/Her)                   Firm I.D. #  7321300
    Chandler Steiger (She/Her)                  Six PPG Place
    EAST END TRIAL GROUP LLC                    Pittsburgh, PA 15222
    6901 Lynn Way, Suite 215                    Telephone: (412) 288-5854
    Pittsburgh, PA 15208                        Facsimile: (412) 281-5055
    www.eastendtrialgroup.com
    ktucker@eastendtrialgroup.com               -and-
    kabramowicz@eastendtrialgroup.com
                                                Geoffrey W. Castello
                                                KELLEY DRYE & WARREN LLP

THE PARTIES EXECUTING THIS AGREEMENT BELOW INDIVIDUALLY ACKNOWLEDGE THAT EACH: HAS READ THIS AGREEMENT; UNDERSTANDS, ACCEPTS, AND AGREES TO ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT; AND EXECUTES THIS AGREEMENT VOLUNTARILY, WITH FULL UNDERSTANDING OF ITS CONSEQUENCES, AND WITHOUT DURESS OF ANY KIND.

**BLAIR DOUGLASS**

Dated: _____    By: _____

**P.C. RICHARD & SON, LLC**

Dated: December 16, 2022    By: _____

Its: IN-House Counsel

**APPROVED AS TO FORM AND CONTENT:**

COUNSEL FOR BLAIR DOUGLASS
AND THE SETTLEMENT CLASS

COUNSEL FOR P.C. RICHARD & SON, LLC

By: _____

Kevin W. Tucker (He/Him)
Kevin Abramowicz (He/Him)
Stephanie Moore (She/Her)
Chandler Steiger (She/Her)
EAST END TRIAL GROUP LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
www.eastendtrialgroup.com
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com

By: _____

John J. Berry Pa. I.D. No. 313481
DINSMORE & SHOHL, LLP
Firm I.D. # 7321300
Six PPG Place
Pittsburgh, PA 15222
Telephone: (412) 288-5854
Facsimile: (412) 281-5055

-and-

Geoffrey W. Castello
KELLEY DRYE & WARREN LLP

smoore@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
Tel. (412) 877-5220
Fax. (412) 626-7101

One Jefferson Road
Parsippany, NJ 07054
gcastello@kelleydrye.com
Tel. (973) 503-5922

# Agreement Exhibit 1:
## Long-Form Notice

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT**

**IF YOU ARE AN INDIVIDUAL WHO IS BLIND AND/OR HAS A VISUAL DISABILITY, YOUR LEGAL RIGHTS MAY BE AFFECTED. PLEASE READ THIS NOTICE AND THE INSTRUCTIONS CAREFULLY**

- This notice is to inform you about the proposed settlement that would resolve the class action lawsuit *Douglass v. P.C. Richard & Son, LLC*, Case No. 2:22-cv-399-MPK (W.D. Pa.).

- The settlement covers all individuals who are blind and/or who have a visual disability who use auxiliary aids and services who have accessed, attempted to access, been deterred from accessing, will access, will attempt to access, or will be deterred from accessing: https://www.PCRichardADAsettlement.com.

- The class action lawsuit alleges that P.C. Richard & Son, LLC ("P.C. Richard") violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, by failing to take the necessary steps to ensure its website and mobile applications do not discriminate against individuals who are blind and/or who have a visual disability who use auxiliary aids and services to access digital content.

- P.C. Richard denies all liability in the case and asserts that its current practices do not violate applicable federal, state, and local law.

- The settlement, which must be approved by the Court, would resolve the lawsuit.

- P.C. Richard has agreed to ensure its website and mobile applications meet the success criteria of the Web Content Accessibility Guidelines 2.1, at Levels A and AA (June 5, 2018), published by the World Wide Web Consortium, available at www.w3.org/TR/WCAG/ and to follow certain steps to ensure that its website and mobile applications becomes and remains accessible.

- You have the right to object to the settlement by DATE.

- The Court will hold a final hearing to determine whether to approve the settlement on DATE.

- Your legal rights are affected whether or not you act. Please read this Notice carefully.

## I. WHAT IS THIS LAWSUIT ABOUT?

This case is a class action lawsuit. In a class action, one or more people sue on behalf of

others who have similar claims. The person that sues is the class representative. All of the people who have similar claims are part of a "class." Individual class members do not file lawsuits. Instead, a court resolves all of their claims at once.

This case is a class action that challenges the accessibility of: https://www.pcrichard.com ("Website"). Plaintiff alleged that the Website was not accessible to persons with vision disabilities. Plaintiff alleged that this violated the Americans with Disabilities Act. Plaintiff sought an order to require P.C. Richard to make its online content accessible to persons with vision disabilities.

## II.  WHO DOES THIS SETTLEMENT AFFECT?

This settlement covers all individuals who are blind and/or who have a visual disability who use auxiliary aids and services to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from attempting to access https://www.pcrichard.com from the United States.

## III. WHAT DOES THE SETTLEMENT PROVIDE?

### A.    P.C. Richard Will Make Its Digital Properties Accessible.

Under the settlement, P.C. Richard agrees to take steps to make https://www.pcrichard.com, its current mobile applications, and any new website or mobile application it develops or acquires (collectively "Digital Properties") accessible to individuals who are blind and/or who have a visual disability and who use auxiliary aids and services to access digital content. P.C. Richard will ensure the Digital Properties meet the success criteria of the Web Content Accessibility Guidelines 2.1, at Levels A and AA (June 5, 2018), published by the World Wide Web Consortium, available at www.w3.org/TR/WCAG/ and to follow certain steps to ensure that its website becomes and remains accessible.

### B.    P.C. Richard Will Institute Accessibility Procedures To Ensure Accessibility.

P.C. Richard will also incorporate detailed steps into its accessibility policies and practices to ensure its Digital Properties become and remain accessible to individuals who are blind and/or who have a visual disability and who use auxiliary aids and services to access digital content.

1.    For each new, renewed, or renegotiated contract with a vendor of Third-Party Content, P.C. Richard shall request that the vendor commit to provide content in a format that conforms to WCAG 2.1 or can be made to conform to WCAG 2.1.

2.    P.C. Richard shall be required to designate team of its employees and/or contractors as the Accessibility Coordination Team tasked to ensure the Digital Properties are

accessible and that accessibility-related questions and concerns from consumers are resolved in a timely manner.

3.      P.C. Richard shall retain an Accessibility Consultant knowledgeable about digital accessibility, the ADA, WCAG 2.1, and accessibility. The Accessibility Consultant's duties shall include, among other things: (a) assisting P.C. Richard to conduct an initial accessibility audit; (b) assisting P.C. Richard to develop and implement an accessibility strategy; (c) advising assisting P.C. Richard as to how to make the Digital Properties accessible; (d) assisting P.C. Richard in performing accessibility audits and end-user testing on a regular basis; (e) providing P.C. Richard with a status report on an annual basis that identifies content, features, and services on the Digital Properties that are not accessible and measures to remediate them; and (f) verifying the Digital Properties are accessible in the final Letter of Accessibility.

4.      P.C. Richard shall complete an initial accessibility audit of https://www.pcrichard.com. The audit shall be conducted in a professional manner and benchmarked by appropriate processes, including automated and end-user testing, consistent with the accessibility consultant's recommendations.

5.      P.C. Richard shall develop and implement an accessibility strategy designed to ensure that the Digital Properties are accessible.

6.      P.C. Richard shall display a link to an accessibility statement at the beginning of a visitor's experience on the Digital Properties so that individuals who are blind and/or who have a visual disability and who use auxiliary aids and services can perceive the link to the accessibility statement as if it were located at the top of each homepage throughout the Digital Properties. This will ensure that individuals who are blind and/or who have a visual disability and who use auxiliary aids and services learn of the resources located on the accessibility statement.

7.      P.C. Richard shall train all employees responsible for website or mobile application design, development, or maintenance to ensure the future design, development, and maintenance of the Digital Properties are and remain conformant to WCAG 2.1 A/AA.

8.      P.C. Richard shall ensure its customer service personnel are trained to assist individuals with disabilities (including individuals who are blind and/or who have a visual disability) who encounter difficulties using the Digital Properties and to timely assist such individuals within published hours of operation.

9.      P.C. Richard shall modify its existing bug fix policies, practices, and procedures to

include the elimination of bugs that create accessibility barriers, including those that prohibit effective communication or impair the accessibility of the Digital Properties.

10.    P.C. Richard shall provide support during regular business hours to assist individuals with disabilities who encounter accessibility issues regarding the Digital Properties.

**C.    P.C. Richard Will Create A Dispute Resolution Procedure To Address Accessibility Issues.**

Additionally, P.C. Richard will forward any complaint or issue raised to its customer services regarding the accessibility of its Digital Properties to Class Counsel (defined below), who shall work with P.C. Richard to ensure the issue is resolved consistent with the proposed settlement. Class Counsel will monitor P.C. Richard's compliance with the settlement as well.

**D.    P.C. Richard Will Pay Class Co-Counsel's Attorneys' Fees And Costs.**

The settlement also provides that the named individual plaintiff who served as class representative will receive a $1,500.00 incentive award, subject to court approval, in return for a release of his individual claims.

Finally, East End Trial Group LLC ("Class Counsel"), the attorneys who represent the class, will have the right to seek attorneys' fees and costs up to (a) $55,000.00 for work performed up to P.C. Richard's deadline to makes its Digital Properties accessible, (b) $20,000.00 for additional work if P.C. Richard requires one extra year to make the Digital Properties accessible, and (c) another $20,000.00 if P.C. Richard requires a second year to make the Digital Properties accessible. Class Counsel will file a motion asking the Court to award reasonable fees and costs to reimburse them for work they performed on this case. The Court must approve the amount awarded even if the parties reach an agreement on the amount. This motion for fees and costs will be available at https://www.PCRichardADAsettlement.com within seven days after it is filed with the Court.

**IV. DOES THE SETTLEMENT AFFECT MY LEGAL RIGHTS?**

All class members will be bound by the terms of the settlement relating to access to the Digital Properties for individuals who are blind and/or who have a visual disability and who use auxiliary aids and services to access digital content, if the settlement agreement is approved by the Court. If the settlement is approved, all class members will release and forever discharge all claims for injunctive relief under all federal, state, and local laws related to alleged discrimination by P.C. Richard against individuals who are blind and/or who have a visual disability and who use auxiliary aids and services to access digital content that arose before

the Settlement Agreement becomes effective. Class members, other than the named plaintiff in the lawsuit, are not releasing any claims for monetary damages.

## V. CAN I OBJECT TO THE SETTLEMENT?

You have the right to object to the proposed settlement agreement if you do not like part or all of it.

If you wish to object to the proposed settlement, you must do so in writing on or before DATE. Your written objections must:

    a) clearly identify the case name and number, *Douglass v. P.C. Richard & Son, LLC*, Case No. 2:22-cv-399-MPK (W.D. Pa.);

    b) be submitted to the Court either by mailing them to the Clerk of the Court for the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Courtroom 9C, Pittsburgh, PA 15219, or by filing them in person at any location of the United States District Court for the Western District of Pennsylvania;

    c) and be received on or before DATE.

If you wish to appear and present your objection orally at the fairness hearing, you must first submit a written objection and in your written objection you must indicate your intention to appear and be heard at the fairness hearing. If you appear through your own attorney, you are responsible for paying that attorney.

## VI. DO I HAVE A LAWYER IN THIS CASE?

The Court has appointed Kevin Tucker, Kevin Abramowicz, Stephanie Moore, and Chandler Steiger of East End Trial Group as Lead Counsel ("Class Counsel") on behalf of the class members. Class Counsel's contact information can be found in Section 41.1 of the settlement agreement.

You do not need to hire a lawyer because Class Counsel is working on your behalf. You do not need to pay Class Counsel, as the settlement provides that P.C. Richard will pay their fees and costs in an amount approved by the Court.

## VII. WHEN AND WHERE WILL THE COURT APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the settlement on DATE. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. You

are not required to attend the final fairness hearing.

### VIII.  HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at https://www.PCRichardADAsettlement.com, contact Class Counsel using the information below, access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.pawd.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Courtroom 9C, Pittsburgh, PA 15219, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

To obtain a copy of this notice in alternate formats, contact Class Counsel using the information below.

### IX. CONTACT INFORMATION

Please do not contact the Court, the Court clerk's office, or Defense Counsel with questions about this settlement. Any questions must be directed to Class Counsel at the numbers and addresses below.

<u>Class Counsel:</u>
Kevin Tucker
Kevin Abramowicz
Stephanie Moore
Chandler Steiger
EAST END TRIAL GROUP LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
smoore@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
Tel. (412) 877-5220
https://eastendtrialgroup.com/